UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PAUL WILLIAM BRUGLIA,<br><br>               Plaintiff,<br><br>    v.<br><br>WASHINGTON STATE PATROL and WASHINGTON STATE TROOPER SEAN CHATTERSON,<br><br>               Defendants. | CASE NO. C13-5891 BHS-JRC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL AND MOTION TO AMEND THE COMPLAINT |

      The District Court referred this is 42 U.S.C. § 1983 civil rights matter to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Rules MJR 1, MJR 3, and MJR 4.

      Plaintiff asks the Court to appoint an attorney, David Partovi, to represent him (ECF No. 10). Plaintiff also asks for leave to file an amended complaint, but he does not outline how the amended complaint differs from his original complaint (ECF No. 11). The Court denies both motions.

      1.     Appointment of counsel.

      There is no right to have counsel appointed in cases brought pursuant to 42 U.S.C. § 1983. Although the Court can request counsel to represent a party, 28 U.S.C. § 1915(e)(1), the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.

1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980).  A finding of exceptional circumstances requires the Court to evaluate both the likelihood of success on the merits and the ability of plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  *Wilborn*, 789 F.2d at 1331.

Plaintiff has articulated his claims and alleges violation of his constitutional rights and a state negligence claim in connection with a use of force by the arresting officer who allegedly shot plaintiff.  Plaintiff makes no showing regarding a likelihood of success on the merits.  The Court denies plaintiff's motion for appointment of counsel.  Plaintiff may renew the motion, but, not until after the parties have further developed the facts and presented that information to the Court.

    2.    Amended Complaint.

Plaintiff asks for leave to file an amended complaint and he provides a proposed amended complaint, but he has not explained to the Court what changes he has made or why amendment of the complaint is needed. *See* Local Rule 15.  The two complaints appear to the Court to recite the same facts and raise identical causes of action.  The only substantive difference the Court can discern between the two compliant is the spelling of the Washington State Trooper's name.  In the original complaint plaintiff identifies this defendant as Sean Chatterson, (ECF No. 5), in the amended complaint defendant is identified as Sean R. Chatterton, (ECF No. 11-1).  If the spelling of defendant's name is the only change, a motion to amend the case caption or to correct the spelling of defendant's name is all the Court requires.  There is no reason to require defendants to submit a second answer for a change of this nature. The motion to amend the complaint is denied without prejudice.

Dated this 5th day of February, 2014.

_____
J. Richard Creatura
United States Magistrate Judge