UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PAUL WILLIAM BRUGLIA,<br><br>        Plaintiff,<br><br>v.<br><br>WASHINGTON STATE PATROL, et al.,<br><br>        Defendants. | CASE NO. C13-5891 BHS<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION IN PART, GRANTING QUALIFIED IMMUNITY, AND REVOKING PLAINTIFF'S *IN FORMA PAUPERIS STATUS* |

    This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 24), and Plaintiff Paul William Bruglia's ("Bruglia") objections to the R&R (Dkt. 24).

    On April 8, 2014, Judge Creatura issued the R&R recommending that the Court grant Defendants' motion for summary judgment because Defendants are immune from suit in federal court, Bruglia is challenging facts that underpin his conviction, and Defendants are immune under RCW 4.24.420. Dkt. 23. On April 29, 2014, Bruglia filed objections to the section of the R&R concluding that Bruglia is challenging facts underpinning his conviction. Dkt. 24.

ORDER - 1

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72 (b)(3).

In this case, Bruglia objects to the portion of the R&R that concludes that Bruglia's § 1983 excessive force claim necessarily implies the invalidity of his conviction for vehicular assault. Dkt. 24. The objection is well taken because the commission of a violent crime does not, in and of itself, justify an officer's use of deadly force. *Tennessee v. Garner*, 471 U.S. 1 (1985). Moreover, a finding that the officer used excessive force at some point during the lengthy pursuit does not necessarily imply that Bruglia was not guilty of vehicular assault at some other point during the pursuit. Therefore, the Court declines to adopt this portion of the R&R.

However, Defendant Chatterton is clearly entitled to qualified immunity. In an almost identical case also involving video of a high speed pursuit, the Supreme Court concluded that the officer was entitled to qualified immunity. *See Scott v. Harris*, 550 U.S. 372 (2007). Based on the record in this case, including Bruglia's stipulated facts (Dkt. 15 at 5–10) and the video of the chase, the Court concludes that Chatterton's actions were objectively reasonable.

Therefore, the Court having considered the R&R, Bruglia's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED** in part;

(2) Defendants' motion for summary judgment is **GRANTED** on the issues of Eleventh Amendment immunity, qualified immunity, and RCW 4.24.420 immunity;

(3) This action is **DISMISSED**; and

(4) Bruglia's *in forma pauperis* status is **REVOKED** for purposes of appeal.

Dated this 29th day of May, 2014.

BENJAMIN H. SETTLE
United States District Judge